IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BLUE HILL SPECIALTY INSURANCE COMPANY, INC.**   PLAINTIFF

VS.   CAUSE NO. 3:22-cv-713-KHJ-MTP

**MARION GRINSTON d/b/a GRINSTON
TRUCKING COMPANY;
LARRY SINGLETARY;
BOBBY WILLIAMS;
DELTA INDUSTRIES, INC. d/b/a
JACKSON READY-MIX;
KATHRYN HARRIS o/b/o THE WRONGFUL
DEATH BENEFICIARIES OF JOHN M. HARRIS,
DECEASED;
ANTONIO YOUNG;
UNITED SERVICES AUTOMOBILE ASSOCIATION;
SIGNATURE INSURANCE AGENCY, LLC; and
MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY.**   DEFENDANTS

## COMPLAINT FOR DECLARATORY RELIEF AND JUDGMENT

COMES NOW Plaintiff, Blue Hill Specialty Insurance Company, Inc. ("Blue Hill") and brings this Complaint for Declaratory Relief and Judgment against Defendants pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C.A. §2201 and in support thereof would show unto the Court the following, to-wit:

### PARTIES

1.   Plaintiff, "Blue Hill," is an Illinois domiciled commercial auto and surplus lines insurer whose principal address is c/o CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604 with principal administrative offices at 6300 Wilson Mills Road, Mayfield Village, Ohio 44143 and is authorized to issue surplus lines insurance coverage in the State of Mississippi.

2.      Defendant Marion Grinston is an individual adult residing in Jackson, Hinds County, MS and doing business as Grinston Trucking Company. The place of business/residence of Grinston Trucking Company and/or Marion Grinston is 1149 Maclean Road, Jackson, Mississippi 39209 and service may be had there.

3.      Defendant Larry Singletary is an individual adult who is a resident of Hinds County, Mississippi. Larry Singletary may be served with summons and process at 3707 Mosley Avenue, Jackson, Mississippi 39206, or wherever he may be found.

4.      Defendant Bobby Williams is an individual adult who is a resident of Hinds County, Mississippi. Bobby Williams may be served with summons and process at 5235 Mattox Street, Jackson, Mississippi 39209, or wherever he may be found.

5.      Defendant Delta Industries, Inc. is a Mississippi for profit corporation with a principal place of business and headquarters located at 100 West Woodrow Wilson Drive, Jackson, Mississippi 39213. Defendant Delta Industries, Inc. does business also as Jackson Ready-Mix. This Defendant may be served with summons and legal process by serving its registered agent for service of process at 100 West Woodrow Wilson Avenue, Jackson, Mississippi 39213.

6.      Defendant Kathryn Harris is an adult resident citizen of Madison County, Mississippi and serves as the sole lawful representative of the wrongful death beneficiaries of John M. Harris, deceased.

7.      Defendant Antonio Young is an adult resident citizen of Humphreys County, Mississippi, who may be served with summons and process at 301 Lee Street, Belzoni, MS 39038.

8.      Defendant United Services Automobile Association ("USAA") is a corporation organized and existing under the laws of the State of Texas, with its principal office and place of

business at Eight Greenway Plaza, Suite 500, Houston Texas, 77046 and which may be served with process by service on its agent for service of process, CT Corporation System of Mississippi at 645 Lakeland East Drive, suite 101, Flowood, MS 39232.

9. Defendant Signature Insurance Agency, LLC is a Mississippi limited liability company with its principal office address of 15 Northtown Drive, Suite 1, Jackson, Mississippi 39211. Signature Insurance Agency, LLC may be served through its registered agent for service of process, Shirlene Richardson, at 15 Northtown Drive, Suite A, Jackson, Mississippi.

10. The Mississippi Department of Public Safety is an agency of the Stae of Mississippi which is self-insured under the Mississippi Worker's Compensation Act and has or claims rights of subrogation arising statutorily or contractually by virtue of benefits paid to the Estate and/or Beneficiaries of John M. Harris, Deceased, pursuant to the provisions of the Mississippi Workers' Compensation Act and is a real party interest to the extent that any such right of subrogation has not been waived or otherwise surrendered in favor of other defendants to this action.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction of this action pursuant to the provisions of 28 U.S.C. §1332 in that complete diversity of citizenship exists between Plaintiff, Blue Hill, and each of the Defendants, and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interests and costs.

12. This Court has in personam jurisdiction over all the parties to this action.

13. This Court has venue of this action pursuant to the provisions of 28 U.S.C.A. §1391 in that a substantial part of the events giving rise to the case or controversy and the assertion of claims in State Court have occurred or accrued within the Northern Division of the United States District Court for the Southern District of Mississippi.

14. Defendants have properly and timely been served with process pursuant to the Federal Rules of Civil Procedure or have otherwise waived service of process for this matter.

## UNDERLYING FACTS

15. On or about the 28th day of May 2021, A tragic vehicular accident occurred on Highway 16 West. The incident involved a vehicle insured by the Plaintiff, Blue Hill, pursuant to Policy No. 07571258-3. A copy of the policy with all endorsements in force on the date of the accident is attached hereto as Exhibit "A" and incorporated herein by reference as if in words and phrases fully restated.

16. The referenced policy underwritten by Blue Hill was governed on the date of the incident, May 28, 2021, by an in-force declarations page summarizing applicable coverage, a copy of which is attached hereto as Exhibit "B". (Premium data is redacted from filed Exhibit "B" – defendants will be served with un-redacted Exhibit "B")

17. On or about the 12th day of November 2019, Defendant, Signature Insurance Agency, LLC entered into a Surplus Lines Referral Agreement ("SLRA") authorizing it to conduct certain insurance-related referrals pursuant to the terms of the "SLRA" and not beyond those terms.

18. Defendant Signature Insurance Agency requested placement and issuance of a policy of insurance in favor of Grinston Trucking. Coverage was bound and Policy No. 07571258 was issued.

19. Beginning April 27, 2019, in relevant part, Policy No. 07571258 maintained and provided upon all renewals thereafter, and subject to all terms and conditions of the policy, liability coverage in the sum of $750,000.00 combined-single-limits. This combined-single-limits liability coverage in the sum of $750,000.00 remained in force, through the date of the May 28, 2021 accident.

20. The Surplus Lines Referral Agreement authorized Signature Insurance Agency, to issue, with respect to policies or renewals, certificates of insurance only on forms authorized, approved and provided by the insurance company, Blue Hill.

21. At no time prior to May 28, 2021 during the life of Policy No. 07571258 did Blue Hill or any other related Progressive company authorize or approve of Signature Insurance Agency's issuance of any Certificate of Insurance adding additional named insureds for purposes of the liability coverage afforded under the referenced policy.

22. At no time prior to May 28, 2021 during the life of Policy No. 07571258 did Blue Hill or any other related Progressive company issue any Certificate of Insurance adding any additional named insureds for purposes of the liability coverage afforded under the policy.

23. At no time prior to May 28, 2021 during the life of Policy No. 07571258 did Blue Hill or any other related Progressive company (a) receive a request for a quote or (b) issue a quote for premiums to purchase combined-single-limits liability coverage in a sum in excess of $750,000.00.

24. At no time prior to May 28, 2021 during the life of Policy No. 07571258 did Signature Insurance Agency (a) receive from any person or entity a request for a quote or (b) issue a quote on behalf of Blue Hill or any other Progressive related company, for premiums to purchase combined-single-limits liability coverage in a sum in excess of $750,000.00.

25. At no time prior to May 28, 2021 during the life of Policy No. 07571258 did Blue Hill Specialty or any Progressive-related company receive from any person or entity a request for a quote or issue a quote on behalf of Blue Hill or any other Progressive related company for premiums to purchase combined-single-limits liability coverage in a sum in excess of $750,000.00.

26. At no time prior to May 28, 2021 during the life of Policy No. 07571258 did Signature Insurance Agency, Blue Hill Specialty or any other related Progressive company (a) collect or receive from any person or entity premiums or (b) receive a request to pay premiums to Blue Hill or any other Progressive related company for purchase of combined-single-limits liability coverage in a sum in excess of $750,000.00 on the referenced policy.

27. At no time during the life of Policy No. 07571258 did Blue Hill or any other related Progressive-related ompany authorize Signature Insurance Agency, to generate, issue or publish any certificate of insurance on forms other than those authorized and produced by Blue Hill/Progressive.

28. At no time prior to May 28, 2021 during the life of Policy No. 07571258 did Blue Hill or any other related Progressive company authorize Signature Insurance Agency, to generate, issue or publish any Certificate of Insurance to list an additional insured for purposes of liability coverage afforded under the policy.

29. At no time prior to May 28, 2021 during the life of Policy No. 07571258 did Blue Hill or any other related Progressive company generate, issue or publish or authorize the issuance or publication of any policy declarations form or certificate of insurance form whatsoever reflecting issuance of liability coverage to any insured under the policy for a sum in excess of $750,000.00 combined-single-limits.

**DOCUMENT CREATING CONTROVERSY**

30. During the course of discovery for a State Court action arising from the referenced May 28, 2021 accident, Defendant Delta Industries, Inc d/b/a Jackson Ready Mix produced a copy of a non-authorized Certificate of Insurance issued on an ACORD form dated May 7, 2021.

31. The non-authorized May 7, 2021 ACORD form attached hereto as "Exhibit C" lists various insurance coverages, including, but not limited to, Automobile Liability Coverage in the putative sum of $2,000,000.00.

32. The referenced ACORD certificate of insurance was not produced, authorized or approved by Plaintiff or any other Progressive related company and a copy of the same was never provided, copied, issued or otherwise made known to Plaintiff or any Progressive related company at any time prior to production of the same in the referenced state court discovery.

33. The referenced ACORD certificate states on its face that it "IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER."

34. The referenced ACORD certificate further states on its face that it "DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGES AFFORDED BY THE POLICIES BELOW." The referenced ACORD certificate does not amend, extend or alter the coverages in force for Blue Hill Policy No. 07571258 on May 28, 2021.

## CONTROVERSY AND REQUESTED RELIEF

35. There exist actual controversies between Blue Hill and the Defendants herein involving the rights, responsibilities, and obligations, if any, under the subject Blue Hill policy attached as "Exhibit A", particularly in light of the referenced non-authorized ACORD Certificate of Insurance attached as "Exhibit C."

36. Defendant Blue Hill denies that prior to May 28, 2021 the referenced policy ever afforded in any manner to any insured more than the sum of $750,000.00 combined-single-limits liability coverage and denies that it is obligated to provide indemnity benefits to any applicable

insured as defined by the policy for any sum in excess of Seven Hundred Fifty Thousand Dollars ($750,000.00) combined-single-limits.

WHEREFORE, Plaintiff Blue Hill Specialty Insurance Company respectfully requests that this Court enter a judgment to declare and adjudicate the following:

a. That this Court determine and adjudicate the rights and obligations and liabilities of the parties herein with respect to the Blue Hill insurance policy No. 07571258 attached hereto as Exhibit "A;"

b. That this Court specifically find and declare that the referenced policy provides for no more than Seven Hundred Fifty Thousand Dollars ($750,000.00) in combined-single-limits liability coverage to qualifying insureds as defined by the referenced policy for all losses arising from the referenced May, 28, 2021 accident;

c. That this Court entertain a speedy hearing on the merits of this action pursuant to Rule 57 of the Federal Rules of Civil Procedure.

Respectfully submitted this the 8th day of December 2022.

                                         BLUE HILL SPECIALTY INSURANCE
                                         COMPANY, Plaintiff

                                         BY: */s/ H. Richmond Culp, III*
                                               H. Richmond Culp, III (MSB No. 7936)

OF COUNSEL:
MITCHELL, McNUTT & SAMS
ATTORNEYS AT LAW
POST OFFICE BOX 7120
TUPELO, MISSISSIPPI  38802-7120
(662) 620-6222
rculp@mitchellmcnutt.com