UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BLUE HILL SPECIALTY
INSURANCE COMPANY, INC.                                                                PLAINTIFF

V.                                            CIVIL ACTION NO. 3:22-CV-713-KHJ-MTP

MARION GRINSTON, et al.                                                               DEFENDANTS

ORDER

Before the Court is Plaintiff Blue Hill Specialty Insurance Company's ("Blue Hill") [62] Motion to Seal or Restrict Certain Exhibits to its Motion for Summary Judgment. The Court grants the motion for the following reasons.

Blue Hill has submitted eight exhibits in support of its motion. Three of the eight exhibits contain proprietary trade secrets about its relationship with agents that Blue Hill alleges could damage its business operations if made available to the public.

"The decision whether to allow public access to court records 'is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.'" *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). "In exercising this discretion, 'the court must balance the public's common law right of access against the interests favoring nondisclosure.'" *Id.* (quoting *Sec. & Exch. Comm'n v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)). "Undergirding balancing is a

'presumption in favor of the public's common law right of access to court records.'" *Id.* (quoting *Van Waeyenberghe*, 990 F.2d at 849). That presumption, however, does not equate to a burden of proof; the decision to seal records is to be analyzed on a case-by-case basis subject to review for abuse of discretion. *See id.* at 450–51.

"Despite the fact that judicial records belong to the public, the Fifth Circuit has recognized that, in certain cases, sensitive information should not be disclosed to the public." *Kovarcik v. Bayou Acad.*, No. 4:23-CV-00106, 2023 WL 4224780, at *1 (N.D. Miss. June 27, 2023) (citing *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417-18). "Litigants sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets . . . ." *Id.* (quoting *Binh Hoa Le*, 990 F.3d at 417–18).

The complete Producer's Agreement (Exhibit F) includes agreements related to agents' authority, duties, commissions, and policies about termination and rights after termination, among other information that is immaterial and likely to cause competitive harm to Blue Hill if publicly disclosed. *See* [62-1]. The complete Surplus Lines Referral Agreement (Exhibit G) includes agreements related to the submission of referral business, duties, referral fees, and policies about termination and rights after termination, among other information that is immaterial and likely to cause competitive harm to Blue Hill if publicly disclosed. *See id.* Lastly, the complete Commercial Auto Product Guide (Exhibit H) goes beyond the Certificate of Insurance details to include a literal guide on how to write commercial policies for

2

Progressive. It also contains immaterial information that is likely to cause competitive harm to Blue Hill if publicly disclosed. *See id.*

The Court finds that the public's right to access is outweighed by the harm to Blue Hill's business by disclosure of its proprietary trade secrets should Exhibits F-H to its motion become publicly available. Collectively, Exhibits F-H provide the full contractual arrangement between Blue Hill/Progressive, producers, and referral agents in detail. The way Blue Hill/Progressive contracts with and manages its relationships with producers and agents cuts to the core of its business model. The Fifth Circuit has recognized that protecting such trade secrets may constitute a justifiable reason to file documents under seal. *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d at 419 (5th Cir. 2021).

Furthermore, less drastic alternatives are unavailable in this case. Any redaction to Exhibits F-H would divest the Court of the ability to read the documents in context. That is to say, the contractual relationship between Blue Hill/Progressive, agents, and producers is at the heart of the issue to be decided in this matter: whether the defendants were entitled to issue and rely on the non-authorized certificate of insurance which identified putative commercial auto coverage issued by "Progressive" in the sum of $2,000,000.

Accordingly, it is hereby ORDERED and ADJUDGED that Blue Hill's Motion to Seal Exhibits F-H to its [60] Motion for Summary Judgment is GRANTED. Exhibits F-H to Blue Hill's pending Motion for Summary Judgment shall be sealed from public access only, with CM/ECF access permitted to the litigants' counsel.

This, the 8th day of August, 2023.

                                                      s/ *Kristi H. Johnson*
                                                      UNITED STATE DISTRICT JUDGE