UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BLUE HILL SPECIALTY                                                       PLAINTIFF
INSURANCE COMPANY, INC.

V.                                          CIVIL ACTION NO. 3:22-CV-713-KHJ-MTP

MARION GRINSTON, et al.                                                 DEFENDANTS

ORDER

Before the Court is Plaintiff's [60] Motion for Summary Judgment. The Court denies the motion for the following reasons.

I.  Background

This declaratory-judgment action arises from an insurance dispute. *See* Compl. [1]. Plaintiff Blue Hill Specialty Insurance Company, Inc., is suing various Defendants with a direct or derivative interest in an insurance policy. *See id.* ¶¶ 1–10. As relevant here, those Defendants include (1) Marion Grinston, d/b/a Grinston Trucking Company, the policyholder; (2) Delta Industries, Inc., d/b/a Jackson Ready-Mix, which contracted with Grinston Trucking and contractually required Grinston Trucking to maintain at least $2 million in liability insurance; and (3) Signature Insurance Agency, LLC, which was Grinston Trucking's appointed insurance agent. *See, e.g., id.* ¶ 18; Delta Answer & Countercl. [20] at 6; Indep. Contractor Agreement [20-1] at 2; Grinston Appointment [60-5].

On May 28, 2021, Grinston Trucking's vehicle was involved in a "tragic . . . accident." [1] ¶ 15. The parties agree that Blue Hill insured the vehicle. *Id.* But the parties disagree about the policy's coverage limit. *See, e.g., id.* ¶¶ 19, 23–31.

In a state-court case arising from the accident, Delta produced a certificate of insurance that Signature issued. *See id.* ¶ 30; Cert. of Liab. Ins. [60-3]. The certificate, dated May 7, 2021, stated that it was "issued as a matter of information only" in order "to certify that the policies of insurance listed below have been issued." [60-3]. Below that, the certificate provided that Blue Hill's corporate parent issued a policy with a "combined single limit" of "$2,000,000," effective April 29, 2021. *See id.*; *see also, e.g.*, Blue Hill Corp. Disclosure Statement [2] (identifying Progressive as corporate parent); Progressive Letter [20-3] (parenthetically referring to "Blue Hill" as "Progressive"). The certificate listed Signature's Shirlene Richardson as the "contact name" and "authorized representative." *Id.* For its part, Blue Hill produced a Renewal Declarations Page reflecting a "combined single limit" of "$750,000," effective April 29, 2021. Renewal Decls. [60-2] at 1–2.

Grinston Trucking's corporate representative, David Grinston, testified about the discrepancy. *See* Forks Decl. [70-1] ¶ 5. David Grinston said in his deposition:

> Q. Did Grinston Trucking [C]ompany have two million in insurance at the time of this wreck?
> A. Yes.
> Q. Was Grinston Trucking paying premiums for a coverage limit of two million at the time of the wreck?
> A. Yes. . . .
> Q. Do you have any idea how there's an indication on this certificate of insurance of $2 million in coverage but the policy that's been produced only indicates 750,000?

2

> A. Well see, that's what I couldn't understand. That's what I was telling you about, we can't figure out. . . . That's what we turned in and that's what we had. But [Shirlene Richardson] was talking like we had lowered it and I said . . . I couldn't do that or nobody couldn't do that because of Delta and them checked that every so often, and if they found out they [are] going to stop us from hauling.

David Grinston Dep. [70-3] at 3, 5–6. He explained that, "as far as clearing up that discrepancy," Shirlene Richardson would be the person to talk to. *Id.* at 6.[1]

Blue Hill filed this declaratory-judgment action in December 2022, seeking to resolve the coverage dispute. *See* [1]. Discovery opened on May 1, 2023, and it is set to close on December 15. *See* Case Mgmt. Order [46] at 3.

But on August 3, Blue Hill moved for summary judgment. [60].[2] It requested a declaration that "no additional insurance coverage exists in favor of any of the Defendants" beyond the $750,000 figure reflected in the Renewal Declarations Page. *Id.* at 5. In support of its motion, Blue Hill attached the Renewal Declarations Page reflecting a $750,000 limit; the certificate reflecting a $2 million limit; and a declaration from a Blue Hill employee stating that Grinston Trucking never had more than $750,000 in coverage, and alleging that Blue Hill never authorized or knew about a certificate reflecting more than $750,000 in coverage. [60-2] at 1–2;

---

[1] Blue Hill acknowledges that "Rule 11 obligations [led] counsel for Blue Hill to request that a statement be secured from Shirlene Richardson" before Blue Hill filed this action. Reply [73] at 6.

[2] Blue Hill emphasizes that it moved for summary judgment "more than 90 days after the Case Management Conference." [73] at 1. But one Defendant served Blue Hill with interrogatories and a request for production just 18 days after the Case Management Conference. [48]; [49]. Blue Hill did not respond until 52 days after that. [56]; [57]. The very next day, Delta's counsel emailed counsel for Blue Hill, requesting "the recorded statement of Shirlene Richardson" that Blue Hill referenced in its interrogatory responses. [70-1] ¶ 7. Counsel for Blue Hill did not respond to that email for 23 days—and did so only after filing this motion. *See id.*; [76-4] at 3.

3

[60-3]; Hale Decl. [60-4] ¶¶ 8, 10, 13–18. Delta opposed the motion, attaching David Grinston's testimony. [70]; [70-3].

II. Standard

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *S. Ins. Co. v. Affiliated FM Ins. Co.*, 830 F.3d 337, 343 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The Court must view the evidence in the light most favorable to the nonmoving party and construe all reasonable inferences in that party's favor. *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021). The Court may not evaluate witnesses' credibility, weigh evidence, or resolve factual disputes. *Id.* (citing *Anderson*, 477 U.S. at 253–55).

III. Analysis

Summary judgment is improper for two separate reasons.

First, David Grinston's testimony creates a genuine dispute of material fact. Grinston Trucking's corporate representative, David Grinston, testified:

> Q. Did Grinston Trucking [C]ompany have two million in insurance at the time of this wreck?
> A. Yes.
> Q. Was Grinston Trucking paying premiums for a coverage limit of two million at the time of the wreck?
> A. Yes.

4

[70-3] at 4; *see also* [70-1] ¶ 5. Testimony that Grinston Trucking "ha[d] two million in insurance" and was "paying premiums for a coverage limit of two million" creates a genuine dispute of material fact.

Blue Hill's response is unavailing. Blue Hill first submits that David Grinston's testimony was an "irrelevant" statement of "belief." [73] at 4–5. To the contrary, David Grinston testified that Grinston Trucking "ha[d]" and was "paying premiums for" $2 million in coverage. [70-3] at 4. Blue Hill next asserts that "[n]ot one . . . document supports" the testimony. [73] at 5. That is incorrect. The certificate attached to Blue Hill's motion provided "certif[ied]" "information" that Grinston Trucking had a $2 million policy. [60-3]. Finally, Blue Hill contends that the "self-serving" testimony "blatantly contradicts the record," such that "'no reasonable jury could believe it.'" [73] at 5 (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). But purportedly "'self-serving' . . . depositions may create fact issues even if not supported by the rest of the record." *Guzman*, 18 F.4th at 160; *see also id.* at 161 ("[E]vidence proffered . . . [to] defeat a motion for summary judgment will inevitably appear 'self-serving.'") (citation omitted). And Blue Hill's reliance on *Scott* is misplaced. *Scott* was "an exceptional case with an extremely limited holding," which has no application here. *Aguirre v. City of San Antonio*, 995 F.3d 395, 410 (5th Cir. 2021) (limiting *Scott* to "video evidence [that] provides so much clarity that a reasonable jury could not believe [the nonmoving party's] account") (citation omitted); *see also, e.g.*, *Fuentes v. Riggle*, 611 F. App'x 183, 191 (5th Cir. 2015) (per curiam) ("There is no undisputed, contemporaneous recording of the

disputed events here, as there was in *Scott*, or its equivalent."). Based on David Grinston's testimony alone, there is a genuine dispute of material fact.

Second, and separately, the certificate of insurance creates a genuine dispute of material fact. The certificate—"issued as a matter of information"—stated that it "certif[ied] that the policies of insurance listed below have been issued." [60-3]. The certificate indicated that Blue Hill insured Grinston Trucking, and that the policy had a combined single limit of $2 million. *See id.* That, too, creates a genuine dispute of material fact.

Again, Blue Hill's response is unpersuasive. As Blue Hill sees it, this action "ultimately comes down to one issue—whether or not the unauthorized Certificate . . . is binding on Blue Hill or alters any terms of its policy." [73] at 2. But that assumes away the factual dispute: whether the certificate's "information" accurately reflected the in-force policy's coverage limit. [60-3]. If it did, there would be no need to decide the legal question: whether the certificate "alters" the policy. [73] at 2.

While Blue Hill relies on *Kennedy*, the absence of a genuine dispute there only highlights the presence of a genuine dispute here. *See id.* at 2–4 (citing *Progressive Gulf Ins. Co. v. Kennedy*, No. 2:13-CV-52, 2014 WL 2515213 (S.D. Miss. June 4, 2014)). Kennedy had an insurance policy with a "Non-Trucking" endorsement; Kennedy got into a truck accident. *Kennedy*, 2014 WL 2515213, at *1. The insurer produced a certificate of insurance showing that Kennedy had "Non-Trucking" coverage. *Id.* at *3. Kennedy produced a certificate of his own, which was identical "except for one detail": a "conspicuously empty space immediately

6

preceding the word 'Trucking.'" *Id.* The Court determined that no reasonable jury could believe that Kennedy's certificate accurately reflected the policy. *Id.* at *4. That was so for three reasons: (1) Kennedy's certificate had a "rather conspicuous blank spot," (2) the insurer produced a certificate matching the policy documents on file, and (3) the insurer produced four "undisputed transcripts of telephone conversations" in which Kennedy "specifically requested 'Non-Trucking' liability coverage." *Id.* (citation omitted). "For all of these reasons," the Court found no genuine dispute of material fact. *Id.*

None of those reasons apply here. First, there is no indication that anyone "doctored" or "dummied" the certificate. *See* [70-3] at 8. Second, Blue Hill has not produced a certificate matching the lone declarations page it has submitted. *See* [60-3] (Blue Hill attaching only one certificate, which reflects a $2 million coverage limit). And third, Blue Hill presents no undisputed evidence that Grinston Trucking "specifically requested" only $750,000 in coverage. *Kennedy*, 2014 WL 2515213, at *4.

In sum, David Grinston's testimony and the certificate each create a genuine dispute of material fact. The Court thus denies the motion at this time.

IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court DENIES Plaintiff's [60] Motion for Summary Judgment.

SO ORDERED, this 12th day of September, 2023.

s/ *Kristi H. Johnson*  
UNITED STATES DISTRICT JUDGE