UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


BLUE HILL SPECIALTY INSURANCE COMPANY, INC.            PLAINTIFF

V.                                          CIVIL ACTION NO. 3:22-CV-713-KHJ-MTP

MARION GRINSTON, et al.                                    DEFENDANTS


ORDER

Before the Court is Plaintiff Blue Hill Specialty Insurance Company, Inc.'s

[142] Motion for Summary Judgment. The Court grants the motion.

I.      Background

This declaratory-judgment action arises from an insurance dispute.

In April 2019, Defendant Grinston Trucking Company took out an insurance

policy. *See* Policy [142-1]; Declarations Pages [142-2].[1] That commercial auto

insurance policy, Policy No. 07571258, provided: "We will pay no more than the

Limit of Liability shown on the declarations page." [142-1] at 13; *see also id.* at 3

(defining "declarations page" as "document prepared by us listing your policy

information, which may include . . . the limit for each coverage"). The policy further

provided:

---

[1] Progressive Gulf Insurance Company initially underwrote the policy. *See* [142-2] at
1−69. Starting in 2020, Blue Hill underwrote the policy. *See id.* at 70−189; *see also id.* at 75
("Thank you for choosing Progressive Commercial Insurance. . . . Progressive is made up of
several different insurance companies, and we are changing the company that provides your
commercial auto insurance from Progressive Gulf Insurance Company to Blue Hill Specialty
Ins. Co.").

> [I]f your declarations page indicates that combined bodily injury and property damage limits apply for "each accident" or "combined single limit" applies, the most we will pay for the aggregate of all damages and covered pollution cost or expense combined, resulting from any one accident, is the combined liability insurance limit shown on the declarations page for the insured auto involved in the accident.

*Id.* at 14.

Blue Hill and its corporate parent, Progressive, sent declarations pages to Grinston Trucking from April 2019 to May 2021. *See* [142-2] at 1–189; *see also* Blue Hill's Corp. Disclosure Statement [2]. Each declarations page included an "[o]utline of coverage," which provided in relevant part:

| Description | Limits |
|---|---|
| Liability To Others | |
| Bodily Injury and Property Damage Liability | $750,000 combined single limit |

*E.g.*, [142-2] at 174–75, 179–80, 186–87. All along, Grinston Trucking received the declarations pages. *See, e.g.*, David Grinston Dep. [142-11] at 5–6, 8, 12–13; Marion Grinston Dep. [142-12] at 7. And all along, Grinston Trucking paid for only $750,000 in combined-single-limit coverage. *See* [142-2] at 1–189.

On May 28, 2021, Grinston Trucking's vehicle—"insured by Blue Hill"—was involved in a tragic accident. Blue Hill's Mem. [143] at 2. The accident led to multiple state-court actions. *See* [142] at 2. In one of them, Defendant Delta Industries produced a certificate of insurance issued by Defendant Signature Insurance Agency. *Id.* The certificate, "issued as a matter of information only," incorrectly certified that "Progressive" issued a policy with a "combined single limit" of $2 million. *See* [142-3]. Neither "Blue Hill [n]or any other related Progressive company" authorized that certificate, which appeared on an ACORD form—rather

2

than a "form[] provided by" the insurance company, as two contracts required. *See* [143] at 4 (citing [65] at 1; [65-1] at 1); *see also* Hale Decl. [142-4] ¶¶ 11−19 (stating that "Blue Hill [and] any other related Progressive company" lacked knowledge of the unauthorized certificate before the accident); Richardson Dep. [142-10] at 6, 11−14 (admitting that the certificate was "not authorized," contained an "incorrect limit," and was never sent to Blue Hill or Progressive).[2]

Blue Hill initiated this declaratory-judgment action against various Defendants with a direct or derivative interest in the coverage dispute. *See* Compl. [1]. After discovery,[3] Blue Hill moved for summary judgment, requesting that the Court adjudicate and declare that "no additional insurance coverage or obligation for indemnity exists in favor of any of the Defendants for the claims arising from the May 28, 2021 accident, other than that specifically described in the policy . . . and the in-force policy declaration." [142] at 6. Blue Hill further "requests adjudication that the issuance of the unauthorized ACORD certificate of insurance . . . does not alter or amend any coverage expressly conferred by the referenced policy." [143] at 18. No Defendant opposed the relief sought in Blue Hill's motion for summary judgment. *See* Blue Hill's Reply [157] at 1.[4]

---

[2] After the accident, Grinston Trucking requested that the coverage limit "be *increased* to 1 million." *See* [142-10] at 12 (emphasis added); *see also* Post-Accident Declarations Page [142-15] at 1−2 (reflecting that increase, which took effect only after the accident).

[3] The Court denied Blue Hill's opposed [60] Motion for Summary Judgment. *See* Order [80]. At that early stage, viewing the evidence in the light most favorable to the nonmoving party, the Court found that a factual dispute precluded summary judgment. *Id.* Discovery has eliminated any genuine dispute of material fact.

[4] *See also, e.g.*, Signature's Mem. Supp. Mot. [149] at 23 ("There is absolutely no evidence whatsoever that Grinston [T]rucking ever carried $2,000,000 in automobile liability combined single limits."); Delta's Mem. Supp. Mot. [147] at 1 (discussing "misrepresent[ation]

II.     Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it 'might affect the outcome of the suit under the governing law,' while a dispute about that fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022) (citation omitted). The Court "must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *EEOC v. WC&M Enters., Inc.*, 496 F.3d 393, 397 (5th Cir. 2007). But "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Hous.*, 337 F.3d 539, 541 (5th Cir. 2003).

"A motion for summary judgment cannot be granted simply because there is no opposition." *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). "However, a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (per curiam) (unpublished) (citing *Hibernia Nat'l Bank*, 776 F.2d at 1279).

---

. . . that Grinston had in place the contractually required $2 million in coverage rather than the true amount of $750,000.00"); Grinston Trucking's Stipulation of Dismissal with Prejudice [164] at 1 (dismissing counterclaims against Blue Hill).

III.    Analysis

The undisputed facts show that Blue Hill is entitled to judgment as a matter of law. The Court therefore grants the motion for summary judgment.

It is undisputed that Policy No. 07571258-3 was the policy in force at the time of the accident. *See* [142-1]; [142-2] at 174–89. "The interpretation of [that] insurance policy is a question of law, not one of fact." *Minn. Life Ins. Co. v. Columbia Cas. Co.*, 164 So. 3d 954, 967 (Miss. 2014) (quotation omitted). The policy is a contract that "must be enforced according to [its] provisions." *Id.* at 968. At the time of the accident (and at all times prior), Blue Hill's policy unambiguously limited coverage to "$750,000 combined single limit." *See* [142-1] at 13–14; [142-2] at 1–189.

It is undisputed that Grinston Trucking received the policy documents, including the declarations pages outlining the $750,000 coverage limit. *See* [142-2]; [142-11] at 5–6, 8, 12–13; [142-12] at 7. As a matter of law, "an insured is charged with the knowledge of the terms of the policy upon which he or she relies for protection," "regardless of whether the insured read the policy." *Mladineo v. Schmidt*, 52 So. 3d 1154, 1161–62 (Miss. 2010) (cleaned up) (collecting cases).

And the certificate of insurance does not confer any additional liability coverage. It is undisputed that Signature was "not authorized" to issue the ACORD certificate. [142-10] at 6; *see also* [65] at 1; [65-1] at 1. It is undisputed that Blue Hill and Progressive did not "authorize, approve, ratify or even have knowledge of Signature's issuance of any certificate of insurance on an unauthorized ACORD

form." [143] at 4; *see also* [142-4] ¶¶ 11–19; [142-10] at 14. What's more, the

certificate states:

> THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION
> ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE
> HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR
> NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE
> AFFORDED BY THE POLICIES BELOW.

*See* [142-3]. As the parties correctly agree, the incorrect information in the

unauthorized certificate does not confer any additional coverage.

The Court therefore declares and adjudges that "no additional insurance

coverage or obligation for indemnity exists in favor of any of the Defendants for the

claims arising from the May 28, 2021 accident, other than that specifically

described in the policy . . . and the in-force policy declaration." [142] at 6. The

coverage available under that policy "does not exceed the total sum of $750,000.00,

combined-single-limits." [143] at 1. The Court further declares and adjudges that

"the issuance of the unauthorized ACORD certificate of insurance . . . does not alter

or amend any coverage expressly conferred by the referenced policy." *Id.* at 18.

## IV.    Conclusion

The Court has considered all arguments. Those not addressed would not have

changed the outcome. For the stated reasons, the Court GRANTS Plaintiff Blue Hill

Specialty Insurance Company, Inc.'s [142] Motion for Summary Judgment.

SO ORDERED, this 17th day of June, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE