UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BLUE HILL SPECIALTY INSURANCE COMPANY, INC.          PLAINTIFF

V.                                    CIVIL ACTION NO. 3:22-CV-713-KHJ-MTP

MARION GRINSTON, et al.                                DEFENDANTS

ORDER

Before the Court are Cross-Claimant Delta Industries, Inc.'s [170] and Cross-Defendant Signature Insurance Agency, LLC's [169] Motions in Limine. The Court grants Delta's motion in part and denies it in part. And the Court grants Signature's motion.

I.     Standard

The purpose of a motion in limine is to preclude opposing counsel from "mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *Parker v. Tyson Foods, Inc.*, 499 F. Supp. 3d 297, 299 (S.D. Miss. 2020) (quoting *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)). "Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *White v. Dolgencorp, LLC*, No. 3:21-CV-738, 2023 WL 2703612, at *1 (S.D. Miss. Mar. 29, 2023) (quotation omitted). "Accordingly, evidentiary rulings addressing broad classes of evidence should often

be deferred until trial so that questions of foundation, relevancy, and potential prejudice can be resolved in proper context." *Id.* (cleaned up).

"An order granting a motion in limine does not preclude the losing party from revisiting the issue at trial, outside the jury's presence." *United States v. Bryan*, No. 3:21-CR-17, 2023 WL 8100552, at *1 (S.D. Miss. Nov. 21, 2023).

## II.    Analysis

The Court first addresses Delta's motion in limine, then Signature's.

### A.  Delta's Motion

Delta seeks to exclude ten categories of evidence or argument. *See* [170] at 2; *see also* Delta's Mem. [171] at 2–8. The Court addresses each category in turn.

First, Delta seeks to exclude any "reference to [its] motion in limine or the Court's ruling on the same." [171] at 3 (cleaned up). Signature does not oppose that request, "provided it is applied universally." Signature's Resp. [174] at 4. The Court grants this aspect of the motion as unopposed. No party may reference another party's motion in limine or the Court's ruling thereon.

Second, Delta seeks to exclude "[a]ny reference to a potential favorable outcome for Delta in the state-court lawsuit" under Rule 403. [171] at 3. But that evidence is not "clearly inadmissible on all potential grounds"; it may be highly relevant to Delta's damages. *See White*, 2023 WL 2703612, at *1; [174] at 4–5. The Court denies this aspect of Delta's motion. Delta may raise contemporaneous Rule 403 objections at trial.

Third, Delta seeks to exclude "any mention of settlement offers by any party" under Rule 408. [171] at 3–4. Signature does not oppose that request, "provided it is applied universally." [174] at 5. The Court grants this aspect of the motion as unopposed. No party may reference settlement offers.

Fourth, Delta seeks to exclude "any mention of Delta's own insurance coverage or Delta's ability to satisfy a judgment except as allowed by Federal Rule of Evidence 411." [171] at 4–5. Signature does not oppose that request, "conditioned on reciprocity." [174] at 5–6. The Court grants this aspect of the motion as unopposed. No party may mention another party's insurance coverage or ability to satisfy a judgment.

Fifth, Delta seeks to exclude any "[s]tatements made regarding fault in attempting to resolve claims" under Rule 408. [171] at 5. Signature does not oppose that request, "provided it is applied universally." [174] at 6–7. The Court grants this aspect of the motion as unopposed. No party may mention another party's statements made regarding fault in attempting to resolve claims.

Sixth, Delta seeks to exclude "[a]ny reference to contractors other than Grinston Trucking" under Rules 401 and 403. [171] at 5–6. Signature responds that evidence that Delta waived the $2 million requirement for other contractors is highly relevant to proximate causation. [174] at 7–8. The Court agrees with Signature. That evidence easily clears the "low bar for relevance." *Novick v. Shipcom Wireless, Inc.*, 946 F.3d 735, 741 (5th Cir. 2020). Evidence that Delta waived the requirement for other contractors is relevant to "whether Delta would

have truly suspended Grinston Trucking from hauling for [Delta] with less than $2,000,000." [174] at 8. Delta's contrary arguments go to weight, not admissibility. And Delta's conclusory argument under Rule 403 fails to establish that the "extraordinary measure" of exclusion is appropriate here. *United States v. Morris*, 79 F.3d 409, 412 (5th Cir. 1996).[1] The Court therefore denies this aspect of Delta's motion. Delta may raise contemporaneous Rule 403 objections at trial.

Seventh, Delta seeks to exclude "[a]ny reference to a purported waiver by Delta of the required $2 million in coverage for Grinston Trucking" under Rules 401 and 403. [171] at 6. Signature responds that evidence that Delta allowed Grinston Trucking to haul with only $1 million in coverage is highly relevant to proximate causation. *See* [174] at 8−9. The Court agrees with Signature. Here again, the evidence easily clears the "low bar for relevance." *Novick*, 946 F.3d at 741. Evidence that Grinston Trucking hauled with only $1 million in coverage is probative of whether Delta would have enforced the $2 million coverage requirement. [174] at 8−9; *see also* Order [176] at 9. And again, Delta's conclusory argument under Rule 403 fails to establish that the "extraordinary measure" of exclusion is appropriate here. *Morris*, 79 F.3d at 412. The Court therefore denies this aspect of Delta's motion. Delta may raise contemporaneous Rule 403 objections at trial.

---

[1] *See also, e.g., United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993) ("The exclusion of evidence under Rule 403 should occur only sparingly."); *id.* at 1115–16 ("Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403.") (quotation omitted); *Baker v. Canadian Nat'l/Ill. Cent. R.R.*, 536 F.3d 357, 369 (5th Cir. 2008) ("Rule 403's major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.") (cleaned up).

Eighth, Delta seeks to exclude "[a]ny reference to a lack of privity of contract between Delta and Signature" under Rules 401 and 403. [171] at 7. Signature responds that this undisputed fact is probative of reasonable reliance. *See* [174] at 9. The Court grants this aspect of Delta's motion in part: The Court excludes any reference to the concept of "privity of contract," which would only confuse jurors. [171] at 7 (citing Fed. R. Evid. 403). But the Court does not exclude the "undisputed fact" that "Signature had no contractual relationship with [Delta]." [174] at 9. That fact is one of many going to the fact-bound determination of *reasonable* reliance. *See id.*; Fed. R. Evid. 401 ("Evidence is relevant if . . . it has *any* tendency to make a fact [of consequence] more or less probable.") (emphasis added). And the Court does not anticipate that this undisputed fact will confuse or mislead jurors; Delta does not explain why it would. *See* Fed. R. Evid. 403; [171] at 7. The Court therefore grants in part and denies in part this aspect of Delta's motion. Delta may raise contemporaneous Rule 403 objections at trial.

Ninth, Delta seeks to exclude questions about, or references to, "any 'independent' investigation by Delta into Grinston Trucking's insurance coverage" under Rules 401 and 403. [171] at 7. Signature responds that failure to further investigate bears on the reasonableness of Delta's reliance on the certificates. [174] at 10. The Court agrees with Signature. Evidence that Delta never requested "a declaration of coverage or an additional insured endorsement or any other communication" confirming that it was an additional insured under the policy is relevant to the reasonableness of Delta's reliance on the certificates alone. *See* [176]

at 7–8 (quoting Delta's Second Dep. [152-7] at 27–28). Delta's contrary arguments go to weight, not admissibility. And once again, Delta's conclusory argument under Rule 403 fails to establish that the "extraordinary measure" of exclusion is appropriate here. *Morris*, 79 F.3d at 412. The Court therefore denies this aspect of Delta's motion. Delta may raise contemporaneous Rule 403 objections at trial.

Finally, Delta seeks to exclude "[a]ny argument that Delta is not afforded coverage under the terms of the Progressive policy" under Rule 403. [171] at 8. Signature admits that "Delta is . . . insured by Blue Hill's policy for vicarious liability with respect to Grinston Trucking's negligence." [174] at 10. Given the parties' agreement that Delta is afforded (at least some) coverage under the policy, the Court grants this aspect of Delta's motion as unopposed.[2]

### B.  Signature's Motion

Signature requests an order precluding other parties from "seeking to introduce evidence of other litigation relating to Signature." [169] at 3. Citing Rule 403, Signature explained that "[e]vidence of those matters would unfairly prejudice [Signature], confuse the jury, and potentially require a mini-trial on the matters contested in the [other] dispute[s]." *Id.* at 4 (quoting *Hilderbrand v. Levi Strauss & Co.*, No. 3:09-CV-243, 2011 WL 2946717, at *1 (S.D. Miss. July 21, 2011)); *see also id.* at 5 (citing *Lambert v. City of McComb*, No. 5:19-CV-141, 2021 WL 6803720, at *4 (S.D. Miss. Mar. 25, 2021)). Signature further explained that "none of the other

---

[2] The parties may raise contemporaneous objections to any evidence or argument about the *extent* of Delta's coverage under the Blue Hill policy. *See* [174] at 10–11.

lawsuits Delta cite[s] to have progressed beyond allegations in a complaint." *Id.* at 3; *see also* Delta's Resp. [175] at 3 n.3. Delta offers no response to any of Signature's Rule 403 arguments. *See* [175]. The Court grants Signature's motion and excludes that evidence under Rule 403.[3]

III.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court GRANTS IN PART and DENIES IN PART Cross-Claimant Delta Industries, Inc.'s [170] Motion in Limine; and GRANTS Cross-Defendant Signature Insurance Agency, LLC's [169] Motion in Limine.

SO ORDERED, this 25th day of June, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE

---

[3] As in *Hilderbrand*, Delta may try to make a "better showing of probative value outside the presence of the jury." 2011 WL 2946717, at *1.